**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:26-CR-00003-JDK** |
| **vs.** | § | |
| | § | |
| | § | |
| **CHRISTIAN ANTHONY SKALL (1)** | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On September 29, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Emil Mikkelsen. Defendant was represented by Assistant Federal Defender David Barlow.

***Background***

After pleading guilty to the offense of Conspiracy to Distribute Methamphetamine, a Class C felony, United States District Judge John H. McBryde, Northern District of Texas, sentenced Defendant Christian Anthony Skall on September 12, 2014. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 41 and a criminal history category of IV, was 240 months. The Court sentenced Defendant to an imprisonment term of 240 months, followed by a 3-year term of supervised release subject to the standard conditions of release. The Court granted a compassionate release on May 24, 2023 and reduced Defendant’s term of imprisonment to 170 months. Defendant completed his term of imprisonment and started his term of supervised release on May 16, 2025. The Court transferred jurisdiction to this district on January 21, 2026 and the case was assigned to United States District Judge Jeremy D. Kernodle.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on September 25, 2026, United States Probation Officer Michelle Neubauer alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (standard condition 10): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant used cocaine on or around September 15, 2025, October 3, 2025, November 18, 2025, August 4, 2026, and August 14, 2026, as evidenced by his own admission of use.

2. **Allegation 2 (mandatory condition): The defendant shall participate in a program (inpatient and/or outpatient) approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance abuse, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered at the rate of at least $50 per month.** It is alleged that Defendant failed to report for drug tests as requested on or around March 20, 2026, March 31, 2026, April 13, 2026, May 4, 2026, June 4, 2026, August 28, 2026, and September 4, 2026.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing cocaine, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 12 to 18 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions by using cocaine or failing to attend treatment sessions and report for drug tests, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of IV, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 6 to 12 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

***Hearing***

On September 29, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Emil Mikkelsen announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for a term of 12 months and 1 day with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition.

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Texarkana.

***Findings and Conclusions***

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release. Through an individualized assessment, I determined that no new term of supervised release is warranted. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to

the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release.

So ORDERED and SIGNED this 29th day of September, 2026.

K. Nicole Mitchell

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE